# IN THE COURT OF APPEALS OF IOWA

————————————

No. 25-2151
Filed March 11, 2026

————————————

**In the Interest of A.C., Minor Child,**

**M.C., Father,**
Appellant.

————————————

Appeal from the Iowa District Court for Des Moines County,
The Honorable Emily Dean, Judge.

————————————

**AFFIRMED**

————————————

James Beres of James Beres Law Office, Burlington, attorney for
appellant father.

Brenna Bird, Attorney General, and Tamara Knight, Assistant Attorney
General, attorneys for appellee State.

Reyna L. Wilkens of Wilkens Law Office, Fort Madison, attorney and
guardian ad litem for minor child.

————————————

Considered without oral argument
by Ahlers, P.J., and Buller and Sandy, JJ.
Opinion by Buller, J.

**BULLER, Judge.**

The father of A.C. appeals from a permanency order placing the child in guardianship with adult relatives. On our review, we affirm.

Unfortunately for all involved, juvenile-case appellants frequently fail to comply with the rules of appellate procedure. *See* Iowa Rs. App. P. 6.1401—Form 5, 6.201(1)(d). This is one such case. The father's petition includes a sprinkling of legal citations unmoored from the text and vaguely asserts disagreement with the juvenile court. The State, relying on our case law, urges we should conclude the father waived his claims. *See, e.g.*, *L.N.S. v. S.W.S.*, 854 N.W.2d 699, 703 (Iowa Ct. App. 2013) ("Where a party has failed to present any substantive analysis or argument on an issue, the issue has been waived."). Assuming without deciding we can do anything but summarily affirm given the briefing, we discern no basis for reversal.

First, the father purports to challenge whether the Iowa Department of Health and Human Services made reasonable efforts to reunify the father and child. But the father did not timely request additional services below, which precludes appellate review. *See In re L.M.*, 904 N.W.2d 835, 839–40 (Iowa 2017); *In re C.B.*, 611 N.W.2d 489, 493–94 (Iowa 2000) (en banc).

Second, the father asserts the child could safely return within six months. But the juvenile court denied additional time based on the father's admitted use of controlled substances, long-term absence from the child's life, lack of experience caring for the child, and the child's wishes. We agree with these facts and with denying additional time. *See* Iowa Code § 232.104(2)(b) (2025).

**AFFIRMED.**